FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 2 4 2022

KEVIN P. WEIMER, Clerk
By Paul Thurp Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

|  |  |
|---|---|
| | \*     **Case Action No.** |
| | \*     **1:22-CV-3407** |
| | \*     Discrimination |
| | \*     Title VII of Civil Rights Act 1964 |
| TAMIKA N. YOUNG | \*     42 U.S.C 2000e, et seq. |
| |      HIPPA |
| Plaintiff | |
| v. | Jury Trial Requested |
| HEALTH SYSTEMS MANEGMENT GA et al., | |
| Defendants. | |

---

## COMPLAINT

---

NOW COMES TAMIKA N. YOUNG, file this action against Health Systems Management, et al., ("HSMGA" INC.) Plaintiff seeking claim upon which relief can be granted for Discrimination. TAMIKA N. YOUNG publicly notified Defendant(s), via Memo, and telephone conversion the plaintiff informed all parties that she will not be taken the COVID-19 vaccine nor test every week due to religious custom and sacred belief.

1

## FACTUAL BACKGROUND

1. On December 11, 2020, I Tamika N. Young received an email from Kristy Hamilton (Department Manager) asking how many of the staff members in the Finance Department would like to take the Vaccine. I, Tamika Young responded that I am not interested in getting the vaccine.

2. I received an email to get on a call on March 16, 2021, from Marshia Coe (Chief Operating Officer) to attend a COVID Vaccine Education set for the same day March16, 2021.

   In May 2021, the Finance department received an email stating that on June 01, 2021, all staff members that was working remotely from home had to return to the office. The Finance department employees had been working remotely from home for over a year.

3. On July 23, 2021, I received the first letter stating that all of Health Systems Management GA staff would need to be vaccinated or submit a religious exemption request.

4. On August 10, 2021, HSMGA/ Wake Forrest had a phone conference call meeting with the Medical Director of Wake Forrest to talk about the reasons you should be vaccinated. I felt that this call was intimidating and hostile due to the sound of the presenter's tone in his voice.

5. I received an email on August 11, 2021, from Kristy Hamilton (Department Manager) to sign HSMGA/Emory Vaccine Requirement Acknowledgement form. I respectfully decline due to the forms being a legal binding agreement/ contract. I, Tamika N. Young submitted my Exemption Letter on August 17, 2021, in which I explain in detail my religious beliefs as well as my requests. The plaintiff Tamika N. Young continually received emails talking about COVID-19 and conversation where had during weekly phone meetings.

6. On September 8, 2021, I received an email from Tomiwa (Tee) Ishamel (Regional Clinical Administrator) with Marshia Coe (Chief Operating Officer) CC on the email asking me to sign a COVID-19 Vaccination Requirement/ Religious Exemption Request Form, as stated in the email from Tee, and I quote "they cannot move forward without the form." I (Tamika Young) replied to the email stating that I respectfully decline being that I have already submitted my exemption request with full details, I stated in my email to Tee Ishamel and Marshia Coe that I do not feel comfortable completing the forms, I stated that the forms are a legal and binding document and or contract that I do not agree with.

7. On September 9, 2021, I was harassed again concerning COVID-19 by Coworkers/ Facility Manager at Candler Road location. I called Kristy the Manager over the Finance department and explain what happen to me, I had to leave, I could not stay due to all the emotions that I was feeling. I also call Vann (HR Manager) to report the incident. I have a full detail letter and recording of this call and meeting. In July my information concerning my Immunization record/status was requested without my knowledge or consent.

8. On September 20, 2021, I email Vann (HR manager) to follow up on the investigation concerning the incident that happen on September 9, 2021and the HIPA violation that happen in July 2021.Vann stated that he had received my letter that I emailed to him explaining the details that happen in July 2021 and September 9, 2021.Vann stated that he would give me a call later in the week.

9. On September 21, 2021, I received an email about COVID-19 vaccination requirements and exemption process and where to submit your exemption request. I submitted my exemption request on August 17, 2021, to Marshia Coe (Chief Operating Officer) and Kristy Hamilton (Department Manager). I was still waiting for a decision concerning my exemption.

3

10. On September 27, 2021, I received an email from Tomiwa (Tee) Ishamel stating that "My exemption was granted." I was still terminated for not receiving the vaccine or weekly testing after explaining in full details in my exemption letter that I would not receive the vaccine nor participate in weekly testing due to my religious beliefs.

11. On October 01, 2021, I had a phone conference with Vann and Kristy concerning the incident that happen in July 2021and on September 09, 2021. I also requested a full detail report of the investigation on the incident from Vann and was told over the phone that in would not be a problem with getting a full report of the investigation, only later to be told on October 21, 2021, that I would not be getting a report of the full complete investigation in an email. Conversations would continue during our weekly phone meetings about COVID-19 and getting the vaccine. (Former co-workers can verify this statement).

12. Plaintiff Tamika N. Young was suspended on November 01, 2021, for not getting the vaccine after plaintiffs' **exemption was granted**. The plaintiff returns to work on November 15, 2021, and was terminated that same day for not getting vaccination and not getting weekly testing. Plaintiff explained her reasons in **exemption letter** that was fully granted (approved) by HSMGA/EMORY, plaintiff also requested in her **exemption letter for reasonable accommodation to remotely work from home**. HSMGA/EMORY stated plaintiff was terminated because plaintiff did not comply with company policy regarding COVID-19 vaccination. HSMGA/EMORY never had a policy about COVID-19 HSMGS/EMORY took recommendations from the CDC and FDA and choose not to follow laws that was set in place to protect employees such as myself. *Note: Vann from Human Resources stated that HSMGA/EMORY where just following recommendations from the CDC and FDA. Kristy Hamilton also stated this as well.

4

13. On November 03, 2021, all co-workers in the finance department were allowed to work remotely from home and (HSMGA) provided each employee in the Finance department with their own laptop computer while the plaintiff was denied reasonable accommodation and wrongfully terminated and discriminated for not receiving the COVID 19 vaccine nor weekly testing. Health System Management (HSMGA) stated in their Personnel Policies AND PROCEDURES to ensure that equal employment opportunities are without **discrimination** and/ or **harassment** based on race, color, religion, sex orientation, gender identity or expression. age, disability, marital status, citizenship, genetic information, or any other characteristic protected by law, the statement goes on to say (Health Systems Management GA) prohibit any such **discrimination** or **harassment**.

## PROOF OF CLAIM

14. "Proof of claim" means all claims, demands, and causes of action that are asserted by Plaintiff in the Complaint, as well as to Verified Actions filed by the Plaintiff. Included in this proof of Claims, all discrimination are related claims arising out of the named Plaintiffs' employment and separation from Health System Management GA. Facts that form the basis of the claims that have been asserted in this Action, including but not limited to, claims of Religious Employment Discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e, et seq. Any breach of contract or employment agreement; and any other employment discrimination or related retaliation claims under federal, state, or local statue, common law, or regulation, including but not limited to claims of retaliatory discharge, wrongful termination, intentional infliction of emotional distress, interference with contractual or other legal rights, invasion of privacy, personal injury, negligence, misrepresentation, or public violations. Proof of Claims that have not yet occurred, or accrued as of the Effective Date, including any claims. **Rehire of Termination** Plaintiff seeking re-employment with Health Management System, Same position she held at the time of wrongful termination after the Effective Date shall be entitled to retain her seniority (including for purposes of Benefits accrual, back pay, Vacation time/PDO time, raises, and bonus) held at the time of wrongful termination.

6

# MEMORANDUM CASE LAW

**Doe 1, et al., v. NorthShore University Health System Case: 1:21-CV-05683**

**Hines v. Kerner, 404 U.S. 519, 92 S. Ct.594, 30 L. Ed. 2d 652 (1972);** In finding plaintiffs' complaint legally sufficient Supreme Court found that pro se pleadings should be held to "less stringent standards" than those drafted by a lawyer.

**Puckett v. Cox, 456 F.2d 233(6th cir.1972)**

Pro se pleading are to be considered without regard to technicality, pro se litigants' pleading are not to be held to the same high standards of perfection as lawyers.

**Health System Management GA Inc**. is a place of public accommodation within the meaning of **42 U.S.C. 12181(F)**

**Civil Rights Act of 1964**, once an employer receives notice that an employee's sincerely held religious belief, practice, or observance prevents him/her from taking the vaccine, the employer must provide reasonable accommodations unless it would pose undue hardship as defined by Title VII ("more than de minimis cost" to the operations of the employer's business.

## CONCLUSION

15. Discriminatory action from Health System Management GA Inc/Emory against the plaintiff for not providing reasonable accommodation for the plaintiff and allowing all other employees in the Finance Department to work remotely from home, in which the plaintiff requested for reasonable accommodation in her Exemption Letter which was granted by Health Management System Ga Inc/Emory. Health Systems Management Inc/Emory fail to honor **Federal laws, State laws, and their own Personnel Policies** and **Procedures, HIPPA privacy laws, Occupational Safety Health Administration**, and **Plaintiffs Exemption letter**. Health Systems Management GA Inc/ Emory fail to act were there was a fiduciary duty to prevent harassment. Health Systems Management GA Inc et, al **<u>discriminated against plaintiff for not providing reasonable accommodation to work remotely from home in which the reasonable accommodation poses, no undue hardship, cost, outside sources of funding, health, and safety requirements for Health Systems Management GA Inc et, al.</u>**

Plaintiffs seeking Two million dollars $2,000,000 *for pain and suffering, recover damages for mental distress, and financial hardship.*

Punitive damage of Two hundred fifty thousand dollars $250,000 Plus Court Cost. Plaintiff seeking claim upon which relief can be granted.

**THIS MATTER IS BEFORE THE COURT.**

**24TH Day August 2022**

*Tamika N Young*

Pro Se Litigant
Tamika N Young
75 Helm Drive
Covington, Ga 30014
(678) 477-1879
*Email: Tamika_700@hotmail.com*